## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| BOILERMAKER-BLACKSMITH,<br>NATIONAL PENSION FUND, *et al.*<br><br>                    Plaintiffs,<br><br>v.<br><br>BAY CITY BOILER AND<br>ENGINEERING COMPANY, INC.,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 11-2598-JAR-KMH

### MEMORANDUM AND ORDER

This case comes before the Court on Defendant Bay City Boiler and Engineering Company, Inc.'s Motion to Transfer Venue to the Northern District of California (Doc. 7).  The motion is fully briefed, and the Court is prepared to rule.  As explained more fully below, the Court denies Defendant's motion.

## I.      Background

Plaintiffs are five Employee Benefit Plans and their fiduciaries ("the Plans").  This action is brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA")—29 U.S.C. §§ 1132 and 1145 respectively—and seeks to collect fringe benefit contributions from Defendant due and owing each of the Plans.  This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132, and also pursuant to 28 U.S.C. § 1331.

Plaintiffs argue that since each of the Plans is administered from their offices located in the District of Kansas, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).  Defendant, a small business that operates a single boilermaker shop in Hayward, California, has filed a motion to transfer this case to the Northern District of California  for the

convenience of the parties and the witnesses and in the interest of justice.

## II.   Discussion

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides in relevant part, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1]  ERISA's liberal venue provision provides that venue is proper where a plan is administered or where a defendant resides or may be found.[2]  Section 1404(a) affords the district court with broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness.[3]  The parties proposing a particular forum have the burden of proving that the chosen forum is inconvenient.[4]  Unless the evidence is strongly in favor of the movant, plaintiff's choice of forum rarely should be disturbed.[5]

The Court now turns to whether Defendant has met its burden of establishing that the existing forum is inconvenient such that transfer of this case to the Northern District of California is appropriate.  In evaluating a transfer under § 1404(a), the Court considers the following factors: plaintiff's choice of forum; the convenience for witnesses; the accessibility of witnesses and other sources of proof; the relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions

---

[1]28 U.S.C. § 1404(a).

[2]29 U.S.C. § 1132(e)(2).

[3]*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991).

[4]*Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992).

[5]*Id*. at 965.

of local law; and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[6] Transfer is not appropriate if the result is merely to shift the inconvenience from one party to the other.[7]

Defendant argues that it operates a single boiler shop in Hayward, California and performs no work in Kansas.[8] Defendant asserts that Plaintiffs are pension funds for union chapters, including the Boilermakers' Local 6 and Local 549 located in Northern California, from which Defendant draws employees.[9] Defendant contends that the parties have "far more relevant contact" with the Northern District of California than with the District of Kansas.[10] Defendant argues that this case arises out of a dispute over pension fund contributions for workers at the Hayward, California facility.  Defendant asserts that the most relevant witnesses and documents are located in California.  In fact, Plaintiffs request an audit of the books for Bay City Boiler's California shop, all of which are located in California.  Defendant further argues that transferring the case to the Northern District of California will serve the interest of justice and that allowing the venue to lie in Kansas will hamper the administration of justice by denying access to important witnesses and forcing this Court to apply California law.

Plaintiffs argue that Defendant has failed to make the required showing necessary to disturb Plaintiffs' choice of forum.  Plaintiffs claim that Defendant has not identified specific

---

[6]*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

[7]*KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan.1998).

[8]Doc. 7, Ex. 1, Declaration of Robert Ellery, ¶¶ 3-5.

[9]*Id.* at ¶¶ 6-7.

[10]Doc. 7 at 4.

3

employees whose testimony is necessary; why such testimony is necessary; whether these witnesses would be unwilling to travel to Kansas in the event of a trial; and, if not, why any necessary testimony cannot be presented by deposition testimony.  Plaintiffs assert that copies of all relevant documents can be easily shipped to Kansas.  Finally, Plaintiffs contend that since this is a collection action brought under ERISA, it is governed by federal substantive law, not California law.

While Defendant makes the conclusory assertion that "witnesses will have very little or no contact with Kansas, and they live in California," it has not identified any of the anticipated witnesses.[11]  These potential witnesses may have pertinent testimony to present, but "nothing has been submitted...to indicate the quality or materiality of the testimony of said witnesses, nor has Defendant shown that any such witnesses [are] unwilling to come to trial" in Kansas City.[12]  Defendant also has not shown that deposition testimony would be unsatisfactory.[13]  It is "necessary that some form of factual information relative to the materiality of witness testimony and the considerations mentioned above be supplied to the [trial court]".[14]  Defendant's meager showing fails to demonstrate the requisite inconvenience to the witnesses.

Defendant also makes conclusory statements regarding the unavailability of relevant documents related to Plaintiffs' request for a full audit of the books and records for Defendant's California shop.  Defendant alleges that tying up these books and records in litigation in Kansas

---

[11]Defendant does generally state that the anticipated witnesses would be employees, including union and non-union, based in Northern California.  *See,* Doc. 7 (citing Ex. 1, Declaration of Robert Ellery, ¶¶ 6-8).

[12]*Scheidt v. Klein,* 956 F.2d 963, 966 (10th Cir. 1992) (citing *ROC, Inc. v. Profress Drillers, Inc.,* 481 F. Supp. 147, 152 (W.D. Okla. 1979)).

[13]*See id.*

[14]*Id.*

is not only unnecessary, but it also risks disrupting business operations.  However, Defendant has not attempted to explain or substantiate why these documents could not be reviewed in California, and the probative documents shipped to Kansas for trial.[15]

Although Defendant has argued that compulsory process would not be available, without any supporting allegations at to why deposition testimony would be insufficient, this fact alone is not enough to warrant transfer.  Defendant claims that many witnesses live in California and are not subject to the subpoena power of this Court.  But Defendant has not submitted information about the relative significance of theses witnesses' testimony, and more importantly, has not shown that these witnesses would be unwilling to come to Kansas voluntarily, making compulsory process necessary.[16]

Further, "[t]he Court acknowledges that it is inconvenient for defendant[] to litigate this case in Kansas.  Disturbing Plaintiffs' chosen venue should be more difficult in an ERISA case, however, because the special venue provision allows a case to be brought in any district where the plan is administered."[17]  Clearly, Defendant would be inconvenienced somewhat by trial in Kansas, but the Court must also weigh the fact that Plaintiffs would likewise be inconvenienced by the case being transferred to California.  "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."[18]

Finally, Defendant's suggestion that this matter is governed by California law because its

---

[15] *See Scheidt,* 956 F.2d at 966 (finding minor burden of transporting relevant documents to trial site does not warrant venue transfer).

[16] *See, e.g., Boilermaker-Blacksmith Nat. Pension Fund v. Gendron,* 67 F. Supp. 2d 1250, 1257 (D. Kan. 1999).

[17] *Id.*

[18] *Scheidt,* 956 F.2d at 966.

collective bargaining agreement has a choice of law provision is without merit.  Plaintiffs are correct that this action is for delinquent contributions and is thus governed by federal substantive law, not state law contract principles.[19]

After careful consideration, the Court finds that Defendant has not established sufficient facts to warrant disturbing Plaintiffs' choice of forum.  Accordingly, Defendant's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Transfer Venue to the Northern District of California (Doc. 7) is DENIED.

**IT IS SO ORDERED**.

Dated: April 10, 2012

 S/ Julie A. Robinson                        
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[19]*See, e.g., Einhorn v. M.L. Rubeerton Constr. Co.*, 632 F.3d 89, 97 (3d Cir. 2011) ("contribution duties under ERISA are mandated by statute, with a special federal cause of action for their enforcement. Congress has thus adopted a policy of protecting ERISA funds against delinquent contributors to a degree that is greater than that afforded by the common law of contract."); *Trustees of the Colo. Tile Workers Pension Fund v. Wilkinson & Co.*, 134 F.3d 383 (Table), 1998 WL 43172, at *5 (10th Cir.  Feb. 3, 1998) (collecting cases).  Further, even if this were an action arising under Defendant's collective bargaining agreement, the enforcement of such agreements is a matter governed by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which preempts state law by providing uniform federal rules of contract interpretation. *See, e.g., Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962).